**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHASE M. LENTZ,
        Appellant,

     v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
SF-4324-16-0680-I-1

DATE: June 30, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chase M. Lentz</u>, Fresno, California, pro se.

<u>Kevin D. Mack</u>, Esquire and <u>Deborah Smith</u>, Sacramento, California, for
    the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
denied his request for corrective action under the Uniformed Services

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant filed a Board appeal alleging that the agency violated USERRA when his former supervisors at the agency provided negative employment references to his prospective employers.  Initial Appeal File (IAF), Tab 1.  The record reflects that the appellant was employed as a Botanist with the agency's Bureau of Land Management (BLM) until his resignation on February 13, 2015, and that he was rated superior on his performance appraisals for fiscal years 2007-2012 and fully successful for 2013 and 2014.  IAF, Tab 1, Tab 6 at 28-36, Tab 9, Subtab 4a, Tab 15, Subtab 3.  Prior to resigning his position with the agency, the appellant had engaged in USERRA activity when he filed a complaint with the Department of Labor (DOL) on December 2, 2014, alleging that he had been nonselected for various vacancies in violation of USERRA.  IAF, Tab 6 at 6-8.  His second-line supervisor knew of his USERRA

claim with DOL. The appellant also filed other Board appeals alleging USERRA violations. *Id.* at 9-18.

¶3 After resigning from the agency, the appellant applied for numerous positions, but he was not hired for any position for which his first- or second-line supervisor gave job references. IAF, Tab 11 at 4, Tab 12 at 6-7, 44, 62. The appellant filed a complaint with DOL alleging that his former supervisors had provided negative job references in reprisal for exercising his rights under USERRA. IAF, Tab 1, Tab 11 at 8-14. DOL notified the appellant that it found no evidence that any adverse actions taken were because of his veteran status. IAF, Tab 1 at 44. The appellant requested a referral of his claim to the Office of Special Counsel (OSC), which, after investigating his claim, notified him that it was closing its file. *Id.* The appellant subsequently filed this appeal. *Id.* at 39.

¶4 During the adjudication of the appeal, the administrative judge defined the sole issue as whether the appellant was discriminated against based on his prior protected USERRA activities when his first- and second-line supervisors provided job references to the U.S Army Corps of Engineers, BLM, and the Bureau of Reclamation.[2] IAF, Tab 14 at 2. In an initial decision based on the written record because the appellant did not request a hearing, the administrative judge found jurisdiction but denied the appellant's request for corrective action. IAF, Tab 17, Initial Decision (ID) at 5-12. Specifically, the administrative judge found that the appellant failed to prove by preponderant evidence that his protected activity under USERRA was a motivating or substantial factor in the agency's actions at issue in this appeal. ID at 5-12.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

---

[2] The summary of the close-of-record conference indicates that the appellant was not arguing that the negative job references were the result of discrimination based on his prior service in the military. IAF, Tab 14 at 2.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6　　Under 38 U.S.C. § 4311(b), an agency is prohibited from discriminating in employment against or taking any adverse employment action against any person because "he has taken an action to enforce a protection provided by USERRA or has exercised a right provided for by USERRA." *Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1381 (Fed. Cir. 2017); *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 7 (2013). To prevail on the merits of a claim under 38 U.S.C. § 4311(b), an appellant must prove by preponderant evidence that his USERRA-protected activity was a substantial or motivating factor in the agency's action. *Burroughs*, 120 M.S.P.R. 392, ¶¶ 5, 7. If the appellant makes that showing, the agency can avoid liability by demonstrating, as an affirmative defense, that it would have taken the same action for a valid reason without regard to his uniformed service. *Id.* An agency therefore violates section 4311(b) if it would not have taken the action but for the appellant's uniformed service. *Id.*

¶7　　Discriminatory motivation under USERRA may be established by direct evidence or may be reasonably inferred from a variety of factors, including proximity in time between the employer's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 9 (2006).

The administrative judge correctly found that the job references provided by the first-line supervisor suggest no unlawful hostility or bias based on the appellant's prior USERRA activity.

¶8　　The record reflects that the appellant's first-line supervisor supervised him from August 24, 2014, to February 13, 2015, and that she proposed his 14-day

suspension on November 13, 2014.  IAF, Tab 15, Subtab 3.  The first-line supervisor provided references for the appellant to the Bureau of Reclamation on March 2, 2015, to the BLM office in Oregon on March 18, 2015, to the BLM office in Nevada on June 2, 2015, and to the U.S. Army Corps of Engineers on April 22, 2015.  IAF, Tab 15, Subtabs 3-4.

¶9      On review, the appellant reasserts the numerous challenges he raised below and he continues to argue that his first-line supervisor provided inaccurate statements during job references for him in reprisal for his USERRA activity.  PFR File, Tab 1 at 7-17.  The appellant also argues that the administrative judge erred by not addressing the inconsistencies between the five separate job references she provided to his prospective employers.  *Id.*

¶10     We find that the administrative judge thoroughly considered the five separate job references provided by the appellant's first-line supervisor.  ID at 5-6.  He also considered the basis behind the charges in the 14-day suspension proposed by his first-line supervisor.  ID at 7.  The administrative judge further considered the appellant's arguments concerning the accuracy of his first-line supervisor's recommendations, including, for example, his claim that comments in the job references concerning his communication abilities were inconsistent and not credible because his first-line supervisor also stated in a prior affidavit that he "had not previously failed to follow my orders/directions."  ID at 7; IAF, Tab 15 at 5.

¶11     The administrative judge found that the statements in the job references provided by the first-line supervisor were well supported by the specific incidents in the 14-day suspension notice.  ID at 8.  He explained why he did not find a credibility issue between the first-line supervisor's statement and the references she provided, noting that her assessment in her declaration was consistent with the references she provided to the appellant's prospective employers.  *Id.*  In addition, he found nothing suspicious in the timing of the first-line supervisor's comments because she was responding to the reference requests after the

appellant already had resigned his position with the agency. *Id.* While the appellant disagrees with the administrative judge's findings, we have thoroughly reviewed the record and, for the reasons discussed below, we discern no basis upon which to disturb them.

¶12    For instance, the appellant asserts that his first-line supervisor made an inconsistent statement when she was asked during the Bureau of Reclamation reference to identify his leadership style or approach and she responded "No direct experience to speak to." PFR File, Tab 1 at 7; IAF, Tab 6 at 24. He asserts that this comment contradicts her response of "Inspired loyalty in his interns" on the U.S. Army Corps of Engineers reference when asked to identify his leadership capabilities and, when asked during the BLM reference if he has served in a leadership role, she answered "[y]es, project lead for grazing permit renewal and Happy Valley Greenhouse." IAF, Tab 6 at 24. However, the questions on the three separate job references are different and we find no inconsistency in the answers. Regarding the first comment, the appellant's first-line supervisor supervised him for less than 1 year, and he asserts that, because he was on sick leave, she only supervised him for 2 1/2 months. PFR File, Tab 1 at 8. Based on the relatively short period of time that she actually supervised him, she may not have had any direct experience of actually observing a specific leadership style or approach used by the appellant during that time frame. In contrast, the first-line supervisor's other two comments focused on whether she found the appellant capable of holding a leadership role, and whether he held a leadership role under her supervision. IAF, Tab 15, Subtab 4.

¶13    The appellant also contends that the administrative judge erred in his assessment of the first-line supervisor's comments to two different individuals from the U.S. Army Corps of Engineers regarding the proficiency of his work. PFR File, Tab 1 at 8. For example, the appellant argues that the administrative judge incorrectly "quoted" the first-line supervisor's comment when he said she stated that the appellant would "occasionally" make technical errors in his work.

ID at 6. The appellant argues that the first-line supervisor used the word "some" not "occasionally," and that the two words have different meanings. PFR File, Tab 1 at 8. However, the administrative judge did not quote the statements made, but instead summarized the first-line supervisor's comments. ID at 6. Moreover, while the appellant appears to argue that the first-line supervisor's use of the word "some" rather than "occasionally" made this a negative reference, we find this argument unpersuasive.

¶14    Regarding the administrative judge's consideration of the language in the proposed suspension notice, the appellant also argues that the agency improperly introduced evidence of the letter of reprimand and 14-day suspension. He contends that, because he did not raise the disciplinary actions in this appeal, it was improper for the agency to submit evidence of the letter of reprimand and suspension, and for the administrative judge to consider them. PFR File, Tab 1. However, the record reflects that the appellant's disciplinary actions were raised first in documents included with his initial appeal. IAF, Tab 1. Nevertheless, the job references provided by either supervisor make no mention of the disciplinary actions. IAF, Tab 15, Subtab 4. Rather, the agency submitted evidence of the letter of reprimand and 14-day suspension on appeal to support the explanations of the appellant's supervisors regarding their responses to questions asked in the job references. *Id.*, Subtab 3. We find no abuse of discretion by the administrative judge in considering the record as a whole, including the letter of reprimand and the notice and decision letter for his suspension. An administrative judge has wide discretion to control the proceedings before him, to accept and consider the evidence he finds relevant, and to ensure that the record on significant issues is fully developed. 5 C.F.R. § 1201.41(b)(3); *see Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003).

¶15    Accordingly, we agree with the administrative judge that the references provided by the appellant's first-line supervisor suggest no unlawful hostility or bias based on the appellant's prior USERRA activity. Rather, we find that the

references were either neutral or positive and that, although the appellant would have preferred only positive references, the neutral comments reflect his first-line supervisor's valid concerns regarding his performance in specific areas. Accordingly, we agree with the administrative judge that the appellant did not show that his protected activity under USERRA was a motivating or substantial factor in these identified job references.

The appellant has failed to prove that his second-line supervisor was motivated by his prior USERRA activity to provide negative employment references to his prospective employers.

¶16    The appellant's second-line supervisor supervised him from September 12, 2010, to February 13, 2015. IAF, Tab 15, Subtab 1. Due to a vacancy in the Resources Supervisor position, she also served as his first-line supervisor from March 2012, to February 2013. *Id.* The second-line supervisor provided job references for the appellant to the U.S. Forest Service on December 17, 2013, and July 14, 2015, to the U.S. Army Corps of Engineers on April 21, 2015, and to the BLM Winnemucca Field Office on September 30, 2015. *Id.*, Subtabs 1-2. On May 15, 2014, his second-line supervisor issued him a letter of reprimand based on two charges: "Acting Outside the Scope of Your Authority" and "Conduct Unbecoming," and on February 10, 2015, she sustained a proposed 14-day suspension based on the same charges. *Id.*, Subtabs 5, 7.

¶17    On review, the appellant argues that the administrative judge did not fully analyze the inaccurate statements in the three job references provided by his second-line supervisor in 2015. PFR File, Tab 1 at 19. For example, the appellant contends that the administrative judge erred in not addressing the statement that his second-line supervisor had not witnessed him in a leadership role. *Id.* Similarly, he argues that, because his second-line supervisor directly supervised and rated his performance in 2012, any of her comments on the job evaluations in 2015 that were more negative than his 2012 ratings were inconsistent and false. *Id.* at 19-21. For instance, he claims that, because she was

his immediate supervisor in 2012 and 2013, she falsely stated in the 2015 job reference that she could not speak to the specific details concerning the level of supervision that is required over him. *Id.* at 19. Similarly, he claims that her 2015 comments regarding his varying work ethic between the programs are inconsistent with his 2012 performance evaluation when she rated him as superior in the comparable critical elements. *Id.* at 21.

¶18　　We find that the administrative judge thoroughly considered the job references provided by the appellant's second-line supervisor, as well as the letter of reprimand and her decision on the appellant's sustained suspension. ID at 8-10. Additionally, he considered the appellant's arguments concerning the differences between the relatively positive employment reference in December 2013, prior to his engaging in protected USERRA activities, compared to her later references. ID at 11. The administrative judge credited the second-line supervisor's statement that her 2015 references were impacted by the appellant's change in attitude and his various conflicts with management, as reflected in the letter of reprimand and suspension decision. ID at 12.

¶19　　We have thoroughly reviewed the record and find no basis upon which to disturb the administrative judge's findings concerning the second-line supervisor. While the appellant continues to challenge the 2015 job references she provided, his arguments involve the same 3-year gap between the references and the period when she directly supervised him in 2012 and 2013. PFR File, Tab 1 at 20-27. Although it is undisputed that the appellant engaged in protected USERRA activity in late 2014, the record demonstrates that his work performance and the supervision required over him in 2012 and 2013 were not necessarily at the same level as they were in 2014 and 2015. IAF, Tab 15, Subtabs 1-4. Here, the second-line supervisor specifically addressed this period of time in her declaration and she explained that there was a change in the appellant's workplace attitude and demeanor and that he began to have conflicts with management concerning program areas, responsibilities, and communication. *Id.*,

Subtab 1. Even though the appellant disagrees with her conclusion regarding the change in the quality of his performance during this period of time, we discern no basis to disturb the administrative judge's determination to credit the second-line supervisor's declaration on this point. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that there is no reason to disturb the administrative judge's conclusions when the initial decision reflects that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶20     The appellant also appears to be arguing that the references provided by his second-line supervisor are inconsistent because the 2015 references are more positive and complimentary regarding his communication skills compared with the charging language in the letter of reprimand and suspension he received. PFR File, Tab 1 at 20. Thus, he reiterates his claim that she purposefully provided inaccurate job references. However, while her comments may have been more positive in her 2015 references for him than the charging language in the disciplinary actions he received, such positive comments fail to support the appellant's argument that she provided negative employment references to his prospective employers. To the extent the appellant is attempting to challenge the merits of the letter of reprimand and his 14-day suspension, those actions are not before the Board in this appeal and we have not addressed them. Accordingly, in considering the record as a whole, we agree with the administrative judge's findings that the appellant failed to prove that his second-line supervisor was motivated by his prior USERRA activity to provide negative employment references to his prospective employers.

The appellant argues that the administrative judge was biased and failed to interpret the arguments in the light most favorable to him as a pro se appellant.

¶21     In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R.

382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶22    Here, the appellant raises numerous arguments in which he alleges that the administrative judge was biased and failed to interpret the arguments in the light most favorable to him as a pro se appellant. PFR File, Tab 1 at 5-6, 17. For example, the appellant contends the administrative judge demonstrated bias by accepting whatever rationalization his supervisors provided "regardless of how irrational and inconsistent" their statements were. *Id.* at 5-6. However, we have reviewed the record and find no evidence of bias, and, as explained above, we find the appellant's arguments regarding the consistency of his supervisors' statements unavailing. To the extent the appellant appears to argue that the administrative judge demonstrated bias because he failed to address every document or question raised concerning the job references, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶23    Finally, the appellant contends that the administrative judge focused on misrepresentations by the agency and failed to consider that his former supervisors were highly motivated to retaliate against him because he had exercised his rights protected under USERRA. PFR File, Tab 1. However, we find that the administrative judge issued an initial decision that thoroughly addressed the issues and made reasoned findings and determinations. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). While the appellant disagrees with those findings, we find that his arguments provide no basis to disturb the initial decision. *See Broughton*, 33 M.S.P.R. at 359.

Accordingly, we find that the administrative judge correctly denied the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.