UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,
    Appellant,

  v.

DEPARTMENT OF LABOR,
    Agency.

DOCKET NUMBERS
PH-1221-17-0103-W-1
PH-4324-17-0169-I-1

DATE: July 19, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Richard T. Buchanan, Esquire, and Anthony D. DiBacco, Philadelphia,
 Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed petitions for review of two initial decisions, which dismissed one of his appeals as withdrawn and dismissed another for lack of jurisdiction. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review. We VACATE the initial decision dismissing MSPB Docket No. PH-1221-17-0103-W-1 as withdrawn and DISMISS that appeal for lack of jurisdiction. We AFFIRM the initial decision in MSPB Docket No. PH-4324-17-0169-I-1.

¶2      This decision concerns two of the appellant's appeals. *Donahue v. Department of Labor*, MSPB Docket No. PH-1221-17-0103-W-1 (0103 appeal), Initial Appeal File (0103 IAF), Tab 23, Initial Decision (0103 ID); *Donahue v. Department of Labor*, MSPB Docket No. PH-4324-17-0169-I-1 (0169 appeal), Initial Appeal File (0169 IAF), Tab 22, Initial Decision (0169 ID). Though adjudicated separately below, we JOIN them on review because the facts are related and joinder will expedite processing without adversely affecting the interests of the parties. *See* 5 C.F.R. § 1201.36(b).

¶3      In October 2016, the appellant contacted the agency, alleging that it had refused to provide him with veteran priority services, including referrals and placement into a professional job. 0103 IAF, Tab 1 at 9-13. The agency responded, in part explaining that it could not assist him because he had been banned from certain facilities due to his conviction for harassment of Government officials. *Id*. at 7-8, 14; *see* 0103 IAF, Tab 19 at 10-12. In turn, the appellant filed the 0103 appeal, asking that the Board force the agency to stop retaliation

against him by denying him services, in particular, services provided at Federally funded American Jobs Centers. 0103 IAF, Tab 1 at 5.

¶4    The administrative judge issued a jurisdictional order, indicating that the 0103 appeal appeared to be an individual right of action (IRA) appeal concerning whistleblowing or other protected activity. 0103 IAF, Tab 3 at 1-2. Accordingly, he explained the applicable standards and instructed the appellant to meet his jurisdictional burden. *Id*. at 2-8. Over the next few days, the appellant submitted a number of pleadings, some of which suggested that he wished to withdraw his appeal. 0103 IAF, Tabs 4-16. The agency filed a motion to dismiss the 0103 IRA appeal for lack of jurisdiction because (1) the appellant is not an employee, former employee, or applicant for employment, (2) he was not subjected to a personnel action, and (3) he did not make a protected disclosure. 0103 IAF, Tab 19 at 5-9.

¶5    Rather than addressing jurisdiction, the administrative judge dismissed the 0103 appeal as withdrawn. 0103 ID. The appellant has filed a petition for review. *Donahue v. Department of Labor*, MSPB Docket No. PH-1221-17-0103-W-1, Petition for Review (0103 PFR) File, Tab 1. The entirety of his petition consists of the following statement: "In this case both [the Office of Special Counsel (OSC)] and [the agency] are weaseling out of jurisdiction over a complaint that the Administrative Law Judge sees as a 'textbook whistleblower case.' For that reason, the [Board] should find some means of jurisdiction to review the case." *Id*. at 3. The agency has filed a response, and the appellant has replied. 0103 PFR File, Tabs 3-4.

¶6    Soon after filing his petition for review in the 0103 appeal, the appellant filed the 0169 appeal, with allegations similar to those raised in the 0103 appeal. 0169 IAF, Tab 1 at 3, 5. He described the 0169 appeal as a whistleblower complaint, alleging that the agency retaliated against him for filing too many Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) complaints by

denying him services at American Job Centers, including priority job referrals. *Id.* at 5.

¶7     The administrative judge construed the 0169 appeal as both an IRA appeal and a USERRA claim, and issued an order explaining the jurisdictional burdens for each.  0169 IAF, Tab 2 at 2, Tab 3 at 1, Tab 10 at 2-3.  The agency filed a motion to dismiss for lack of jurisdiction.  0169 IAF, Tab 6.  After both parties responded, the administrative judge dismissed the 0169 appeal because the appellant failed to meet his jurisdictional burden.  0169 ID.  The appellant has filed a petition for review.  *Donahue v. Department of Labor*, MSPB Docket No. PH-4324-17-0169-I-1, Petition for Review (0169 PFR) File, Tab 1.  In that petition, the appellant does not present any arguments pertaining to jurisdiction. Instead, he simply reasserts that the agency is improperly denying him services and alleges that the Board "is being lazy."  *Id.* at 3.  The agency has filed a response.  0169 PFR File, Tab 3.

The administrative judge improperly dismissed the 0103 appeal as withdrawn.

¶8     An appellant's withdrawal of an appeal is an act of finality.  *Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 5 (2009).  Generally, the Board will not reinstate a withdrawn appeal absent unusual circumstances, such as misinformation or new and material evidence.  *Id.*  However, a voluntary withdrawal must be clear, decisive, and unequivocal.  *Id.*

¶9     Here, the appellant titled the pleading discussing withdrawal a "Temp Withdrawal of Appeal: Going to OSC First."  0103 IAF, Tab 13 at 1.  In it, he explained that he "expect[ed] to pick up the matter after hearing back from OSC." *Id.* at 3.  Later that same day, the appellant submitted pleadings suggesting he had just found prior OSC complaints he filed in May and December 2016.  0103 IAF, Tab 14 at 3-9, Tab 16 at 6-18.  He also submitted letters from OSC's Disclosure Unit corresponding to those complaints, OSC Case Numbers DI-16-3690 and DI-17-1100, each of which explained that OSC lacked jurisdiction over the matters because the appellant was not an employee, former employee, or

applicant for employment in the Federal Government. 0103 IAF, Tab 16 at 4-5. Days later, after the agency filed its motion to dismiss the 0103 appeal for lack of jurisdiction, the appellant filed additional pleadings as if he was still pursuing the appeal. 0103 IAF, Tabs 19-22. All of this occurred before the administrative judge dismissed the appeal as withdrawn.

¶10    Under these specific circumstances, we find that the appellant's withdrawal did not meet the standard of being clear, decisive, and unequivocal. Therefore, we vacate the initial decision which dismissed the 0103 appeal as withdrawn. Nevertheless, as detailed below, we find that the appeal must be dismissed for lack of jurisdiction.

The appellant failed to establish jurisdiction over the 0103 appeal.

¶11    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).

¶12    The statutory provisions that authorize the filing of IRA appeals such as this, 5 U.S.C. §§ 1214(a)(3), 1221(a), define those individuals entitled to file such an appeal. *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 10 (2008); *Glover v. Department of the Army*, 94 M.S.P.R. 534, ¶ 9 (2003). Both provisions limit IRA appeal rights to an employee, former employee, or applicant for employment. *Pasley*, 109 M.S.P.R. 105, ¶ 10 (discussing the limitation described in 5 U.S.C. § 1214(a)(3)); *Glover*, 94 M.S.P.R. 534, ¶ 9 (discussing the limitation described in 5 U.S.C. § 1221(a)). Accordingly, the Board has held that Congress clearly intended to provide IRA appeal rights only to employees, former employees, and applicants for employment and that it authorized those individuals to file such appeals only when they themselves were the subject of the disputed action. *Pasley*, 109 M.S.P.R. 105, ¶ 10 (finding that the Board lacked jurisdiction over an individual's IRA appeal concerning his termination from a

private sector employer); *Glover*, 94 M.S.P.R. 534, ¶ 9 (finding that the Board lacked jurisdiction over an individual's IRA appeal brought on behalf of her late husband).

¶13    Another limitation on the Board's jurisdiction in the context of an IRA appeal is the action itself.  For purposes of an IRA appeal, "personnel actions" are defined at 5 U.S.C. § 2302(a)(2)(A).  *Pasley*, 109 M.S.P.R. 105, ¶ 10.  The listed "personnel actions" include the following:  (1) an appointment; (2) a promotion; (3) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (4) a detail, transfer, or reassignment; (5) a reinstatement; (6) a restoration; (7) a reemployment; (8) a performance evaluation under 5 U.S.C. chapter 43 or under tile 38; (9) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. § 2302(a)(2)(A); (10) a decision to order psychiatric testing or examination; (11) the implementation or enforcement of any nondisclosure policy, form, or agreement; and (12) any other significant change in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A); *see, e.g.*, *Weber v. General Services Administration*, 54 M.S.P.R. 444, 446 (1992) (dismissing an IRA appeal for lack of jurisdiction because the appellant's arrest by agency police was not a "personnel action"), *aff'd*, 989 F.2d 1203 (Fed. Cir. 1993) (Table).

¶14    Either of the aforementioned limitations preclude Board jurisdiction in the 0103 appeal.  The appellant is a veteran alleging that he was denied employment services, such as job referrals.  0103 IAF, Tab 1.  He has not alleged that he is an employee, former employee, or applicant for employment,[2] and the action he

---

[2] In several of his other Board appeals, the appellant presented allegations concerning his nonselections for specific positions with Federal agencies.  *See, e.g.*, *Donahue v. Department of Labor*, MSPB Docket No. PH-3330-16-0357-I-1, Initial Appeal File, Tab 1; *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-I-1, Initial Appeal File, Tab 1.  Accordingly, we recognize that the appellant has,

disputes is not a "personnel action." Therefore, the 0103 appeal must be dismissed for lack of jurisdiction.[3]

¶15 Because the Board lacks jurisdiction over the 0103 appeal for the aforementioned reason, we need not address the agency's arguments that jurisdiction is also lacking due to the absence of a protected disclosure. 0103 IAF, Tab 19 at 5. However, given our disposition in the 0169 appeal, we note that the appellant also failed to prove exhaustion in the 0103 appeal, another requirement for establishing jurisdiction in an IRA appeal. *Compare* 0103 IAF, Tab 16 at 4-5 (showing that it was OSC's Disclosure Unit that addressed the appellant's May and December 2016 complaints, OSC Case Numbers DI-16-3690 and DI-17-1100), *with Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶¶ 8, 16 (2011) (recognizing that disclosures to OSC's Disclosure Unit do not satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3)).

The appellant failed to establish jurisdiction over the 0169 appeal.

*IRA Appeal*

¶16 As we just alluded to, one jurisdictional limitation for an IRA appeal is the requirement that an appellant prove that he exhausted his claim with OSC. *Supra*,

---

at times, been an applicant for employment. However, the allegations underlying this appeal do not involve him being an applicant for employment; they involve him being denied employment services, such as job referrals. *See, e.g.*, 0103 IAF, Tab 1 at 5.

[3] We recognize that the appellant's 0103 appeal repeatedly referenced USERRA and the Veterans Employment Opportunities Act of 1998 (VEOA). *E.g.*, 0103 IAF, Tab 1 at 13. However, the administrative judge construed this case as an IRA appeal, and the appellant did not object at any point. 0103 IAF, Tab 3 at 2. In fact, his petition for review only refers to this as a whistleblower case. 0103 PFR File, Tab 1 at 3. Had the appellant intended this to be a USERRA or VEOA appeal, it appears that he could have clearly explained as much, given the numerous USERRA and VEOA appeals he has previously filed with the Board. *See, e.g.*, *Donahue v. Central Intelligence Agency*, MSPB Docket No. DC-3330-12-0411-I-2 (USERRA and VEOA appeal); *Donahue v. Federal Reserve System*, MSPB Docket No. DC-3330-12-0691-I-1 (VEOA appeal); *Donahue v. Federal Reserve System*, MSPB Docket No. DC-3330-12-0692-I-1 (USERRA appeal).

¶ 15; *Mason*, [116 M.S.P.R. 135](), ¶ 8. However, unlike OSC's Complaints Examining Unit, OSC's Disclosure Unit does not review allegations of prohibited personnel practices. *Mason*, [116 M.S.P.R. 135](), ¶ 16. As a result, the Board has held that disclosures to OSC's Disclosure Unit do not satisfy the exhaustion requirement in an IRA appeal. *Id*. Even though the administrative judge in the 0169 appeal warned of this and provided an opportunity to respond, the appellant failed to show that OSC's Complaints Examining Unit considered his allegations; instead, he provided a January 2017 letter pertaining to OSC Case Number DI-17-1230, showing only that OSC's Disclosure Unit considered his allegations. *Compare* 0169 IAF, Tab 1 at 16-18, *with* 0169 IAF, Tab 10 at 2-3. Therefore, to the extent that the appellant intended to bring an IRA appeal in the 0169 appeal, the administrative judge correctly found that the appellant failed to meet his jurisdictional burden of proving exhaustion. 0169 ID at 3-5.

¶17 Absent any argument or evidence to the contrary on review, we agree with the administrative judge's conclusion—the appellant failed to prove exhaustion for purposes of an IRA appeal in the 0169 appeal. Given our disposition in the 0103 appeal, we also note that the appellant does not meet the requirements of [5 U.S.C. §§ 1214](a)(3), 1221(a) in the 0169 appeal. *See supra*, ¶¶ 12-13. In the context of the 0169 appeal, like the 0103 appeal, the appellant is a veteran alleging that he was denied employment services, such as job referrals. 0169 IAF, Tab 1 at 5. He is not an employee, former employee, or applicant for employment against whom a personnel action was taken or proposed to be taken. *See supra*, ¶¶ 12-13.

### *USERRA*

¶18 To the extent that the appellant sought to bring a USERRA claim in the 0169 appeal, the administrative judge also found that the appellant failed to establish jurisdiction. Concerning USERRA's anti-discrimination provision, [38 U.S.C. § 4311](a), the administrative judge found that the appellant's allegations failed because he was not an agency employee or applicant for

employment, nor was he denied any benefit of employment. 0169 ID at 5-7; *see Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012) (recognizing that an appellant establishes the Board's jurisdiction over a USERRA discrimination claim by nonfrivolously alleging that, inter alia, the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment). Concerning USERRA's anti-retaliation provision, 38 U.S.C. § 4311(b), he found that the appellant's allegations failed because they did not involve an adverse employment action. 0169 ID at 7; *see Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1381 (Fed. Cir. 2017) (recognizing that USERRA's anti-retaliation provision applies only to "acts of discrimination in employment and adverse employment actions . . . which [are] generally defined to include actions adversely affecting [an] employee's employment status, such as firing, demotion, suspension, a loss of benefits, or a reduction in pay").

¶19    The appellant has failed to present any basis for us to reach a conclusion different from the administrative judge, even when construing his allegations liberally. *See Gossage*, 118 M.S.P.R. 455, ¶ 10 (recognizing that USERRA claims should be broadly and liberally construed for purposes of determining Board jurisdiction). As discussed throughout this decision, the appellant is a veteran alleging that he was denied employment services, such as job referrals. 0169 IAF, Tab 1 at 5. He has not presented allegations that involve employment with the agency, application for employment with the agency, or any other agency connection that falls within the Board's jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.