# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HENRY CHIN HONG,<br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>GENERAL SERVICES<br>　　ADMINISTRATION,<br>　　　　　　　Agency. | DOCKET NUMBER<br>NY-4324-17-0202-I-1<br><br><br>DATE: January 20, 2023 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Tomscha</u>, New York, New York, for the appellant.

<u>Nicole Ludwig</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2       The appellant is a veteran serving as a GS-12 Architect with the agency. Initial Appeal File (IAF), Tab 1 at 1.  The appellant filed an appeal with the Board alleging that he was being harassed because of his veterans' status in violation of USERRA.  IAF, Tab 1 at 4, 6, 8-9, Tab 4 at 4.

¶3       Specifically, the appellant asserted that, because he is a veteran, his supervisor misconstrued his statements during a meeting as indicating that he was suicidal and then stated that belief to coworkers and a hospital where the appellant was purportedly a patient.  IAF, Tab 1 at 8, Tab 4 at 4-5, Tab 6 at 4, Tab 7 at 17.  According to the appellant, based on their belief that he was suicidal, his superiors denied him entry into his workplace and forced him to telework, reassigned an integral aspect of his work, threatened him with an unacceptable rating, and negatively affected his potential for promotion.  IAF, Tab 1 at 8-9, Tab 4 at 7, Tab 6 at 4-5.  He also alleged that an agency manager shouted near many employees that he "wouldn't want to be in a f*cking fox hole" with the appellant.  IAF, Tab 4 at 5.

¶4       The administrative judge issued an order setting forth the jurisdictional elements of a USERRA claim and directing the appellant to file a statement addressing the Board's jurisdiction over his appeal.  IAF, Tab 3.  After considering the parties' responses, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  IAF, Tab 10, Initial Decision (ID) at 1.  She found that he failed to nonfrivolously allege both that he lost a benefit of employment and that the agency's actions were motivated by his military service.  ID at 4-8.  She also concluded that he failed to state a claim upon which relief could be granted.  ID at 8.  The appellant has filed a petition for review, essentially reiterating the allegations of

harassment he made below and setting forth some new allegations. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has established the Board's jurisdiction over his USERRA hostile work environment claim.</u>

¶5 There are two types of cases that arise under USERRA: reemployment cases under 38 U.S.C. §§ 4312-4318; and discrimination cases under 38 U.S.C. § 4311(a) and (b). *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 5 (2015). Here, the appellant has brought a discrimination case under section 4311(a). IAF, Tab 6 at 4. That section provides, in relevant part, that "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." 38 U.S.C. § 4311(a); *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 7 (2014).

¶6 To establish jurisdiction over a USERRA discrimination claim before the Board, an appellant must nonfrivolously allege that (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service. *Beck*, 120 M.S.P.R. 504, ¶ 8. The Board employs a liberal approach in determining whether an appellant has established the Board's jurisdiction under USERRA, and the relative weakness of an appellant's assertions in support of his claim is not a basis for a jurisdictional dismissal. *Id*. Rather, if an appellant fails to develop his contentions, his claim should be denied on the merits. *Id*. Once an appellant has established the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

¶7        We agree with the administrative judge that the appellant has nonfrivolously alleged that he performed duty in a uniformed service of the United States and has thus satisfied the first jurisdictional element of his discrimination claim.  ID at 4; IAF, Tab 4 at 11.  For the reasons that follow, we find that the appellant also satisfied the second and third jurisdictional elements of his discrimination claim and that a remand is therefore required to provide the appellant his requested hearing on the merits.

¶8        In finding that the appellant failed to satisfy the second jurisdictional element; namely, that the agency denied him any benefit of employment, the administrative judge seemed to consider whether some of the discrete allegations made by the appellant would, individually, constitute a lost benefit of employment.  ID at 4-6.  Although the appellant did not explicitly argue below that his various allegations should be considered together as a whole, we find that it would be appropriate to do so to determine whether he has made a nonfrivolous allegation of a hostile work environment under USERRA.  To establish the Board's jurisdiction over a USERRA hostile work environment claim, an appellant must nonfrivolously allege that he was subjected to a pattern of ongoing and persistent harassing behavior based on his military service that was sufficiently severe or pervasive to alter the terms and conditions of employment.  *Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 239 (1996); *see also Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, ¶ 19 (2015), *vacated in part on other grounds*, 857 F.3d 1374 (Fed. Cir. 2017).

¶9        As previously indicated, the appellant has alleged that, because he is a veteran, his superiors slandered him as suicidal to his coworkers and others and that, based on their belief that he was suicidal, denied him entry into his workplace and forced him to telework, reassigned an integral aspect of his work, threatened him with an unacceptable rating, and negatively affected his potential for promotion.  IAF, Tab 1 at 8-9, Tab 4 at 7, Tab 6 at 4-5.  In addition, as noted, according to the appellant an agency manager shouted to many employees that he

"wouldn't want to be in a f\*cking fox hole" with the appellant. IAF, Tab 4 at 5. Taken together as a whole, we find that the appellant's allegations, if proven, could establish a pattern of ongoing and persistent harassing behavior sufficiently severe or pervasive to alter the terms and conditions of his employment. *See Petersen*, 71 M.S.P.R. at 235. Although a failure by the appellant to develop his contentions could lead to a denial of his claim on the merits, we find that he has made a nonfrivolous allegation of a hostile work environment under USERRA.[2] *Beck*, 120 M.S.P.R. 504, ¶ 8.

¶10    Regarding the third jurisdictional element; namely, that the denial of any benefit of employment was due to his performance of duty or obligation to perform duty in the uniformed service, the appellant indicated that his superiors linked his military service with suicidal tendencies and believed that they could create a "believable-conviction" that he was suicidal because he is a veteran. IAF, Tab 1 at 6, Tab 4 at 4, Tab 6 at 4. He further suggests that he would never have been asked questions about his state of mind and whether he was suicidal were it not for the fact that he is a veteran. IAF, Tab 1 at 6, 8, Tab 4 at 4-5, Tab 6 at 4. The appellant also alleged that nonveteran employees have never been questioned or treated in the way he was and that a manager shouted a negative comment about him that referred to his military service. IAF, Tab 4 at 5, 7-8. Under the Board's liberal approach to determining whether an appellant has established jurisdiction under USERRA, we find that the appellant has nonfrivolously alleged that his military service was a motivating factor in the

---

[2] Among other things, the administrative judge found that the appellant's own admission—that he told the agency that he sometimes thinks of harming himself or others—weighs against a finding that the appellant nonfrivolously alleged that the agency slandered him. ID at 6; IAF, Tab 1 at 8. Although the appellant's admissions in this regard may make his assertions in support of his claim relatively weak, such a relative weakness should not serve as a basis for a jurisdictional dismissal. *See Beck*, 120 M.S.P.R. 504, ¶ 8.

agency's harassment of him. *See Beck*, 120 M.S.P.R. 504, ¶ 8; *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 9 (2010).

¶11    Because jurisdiction has been established, the appellant is entitled to the hearing he sought. *See Gossage*, 118 M.S.P.R. 455, ¶ 12. Accordingly, a remand to the administrative judge is appropriate. On remand, the appellant must prove by preponderant evidence that his military status was at least a motivating or substantial factor in the agency's decision to deny him any benefit of employment. *Id.* The appellant may meet this burden by using direct or indirect evidence.[3] *Id.* Discriminatory motivation under USERRA may be reasonably inferred from such circumstantial evidence as temporal proximity between the appellant's military activity and the adverse employment action, "inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the [individual's] military activity, and disparate treatment of certain [individuals] compared to other [individuals] with similar work records or offenses." *Id.* (quoting *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). If the appellant meets his burden, the burden shifts to the agency to prove that legitimate reasons, standing alone, would have induced it to take the same action. *Gossage*, 118 M.S.P.R. 455, ¶ 12.

The appellant has stated a claim for which relief can be granted.

¶12    The administrative judge also found that the appellant failed to state a claim for which relief can be granted because he did not assert lost wages or other benefits. ID at 8-9. The Board's remedial authority under USERRA derives from

---

[3] For the first time on review, the appellant asserts the following: (1) his building access was restored on September 13, 2017; (2) he has been relocated to a new worksite; and (3) he has been assigned a project at another worksite, requiring him to travel between two worksites. PFR File, Tab 1 at 13-14. It is apparent that these alleged incidents occurred shortly before or after the initial decision was issued on September 14, 2017. ID at 1. On remand, the administrative judge should consider these additional allegations as a part of the appellant's USERRA hostile work environment claim.

38 U.S.C. § 4324(c)(2), which authorizes the Board to enter an order requiring an agency to comply with the provisions of USERRA and to compensate an appellant for any loss of wages or benefits suffered by reason of such lack of compliance. *Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 11 (2014).

¶13 Therefore, in some cases, the Board is unable to provide any effective remedy for past violations. *See, e.g.*, *id.* (dismissing a USERRA allegation for failure to state a claim upon which relief can be granted because the Board could not remedy the since-retired appellant's denial of a lateral reassignment); *Hudson v. Department of Homeland Security*, 104 M.S.P.R. 223, ¶ 8 (2006) (finding that the Board could provide no relief for an alleged USERRA violation concerning military leave because the appellant had not alleged that he lost any wages or other compensation and it would have no effect to order the agency to comply with USERRA since he had left the agency). Here, at a minimum, there appears to be an allegation of an ongoing hostile work environment. IAF, Tabs 4, 6; PFR File, Tab 1 at 13-14. If the appellant proved such an ongoing hostile work environment, the Board could order the agency to cease its harassment based on his prior military service in compliance with 38 U.S.C § 4311(a). *See* 38 U.S.C. § 4324(c)(2). Accordingly, we find that the appellant has stated a claim upon which relief can be granted.

The Board lacks jurisdiction in this USERRA appeal to consider the appellant's allegations of prohibited personnel practices.

¶14 The appellant also asserts that the agency committed prohibited personnel practices in reprisal for his disclosures about waste and incompetence in the engineering department. PFR File, Tab 1 at 3. The Board lacks jurisdiction to consider such allegations in a USERRA case. *See Schoch v. Department of the Army*, 91 M.S.P.R. 134, ¶ 13 (2001). Moreover, the appellant has not submitted evidence that he exhausted his rights before the Office of Special Counsel by filing a prohibited personnel practice complaint of reprisal for making a protected

disclosure or engaging in protected activity. Therefore, the Board lacks jurisdiction over his claim as an individual right of action appeal. *Id*.

## ORDER

¶15     For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order. The administrative judge shall provide the appellant with a hearing on his USERRA claim and issue a new initial decision on the merits of that claim.

FOR THE BOARD:                                       /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.