# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LISA GIUGLIANO,

          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

          Agency.

DOCKET NUMBERS
PH-0353-14-0772-I-3
PH-4324-16-0328-I-2

DATE: May 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles L. Holsworth, Esquire, Pittsburgh, Pennsylvania, for the appellant.

Marcus S. Graham, Esquire, and Paul P. Kranick, Esquire, Philadelphia,
   Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which granted in part and denied in part her request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).   Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to VACATE the administrative judge's remedy analysis and to apply the correct remedial authority, we AFFIRM the initial decision.

¶2      In June 2014, the appellant filed her first of two Board appeals under USERRA.  *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-0353-14-0772-I-1, Initial Appeal File (0772 IAF), Tab 1.  The administrative judge twice dismissed the first appeal without prejudice for subsequent refiling, resulting in three docket numbers for that first appeal.  0772 IAF, Tab 45; *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-0353-14-0772-I-2, Appeal File (0772 I-2 AF), Tabs 1, 38; *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-0353-14-0772-I-3, Appeal File (0772 I-3 AF), Tab 1.

¶3    In May 2016, the appellant filed her second USERRA appeal. *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-4324-16-0328-I-1, Initial Appeal File (0328 IAF), Tab 1. The administrative judge also dismissed that appeal without prejudice to subsequent refiling, resulting in an additional docket number. 0328 IAF, Tab 40; *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-4324-16-0328-I-2, Appeal File (0328 I-2 AF), Tab 1. In the meantime, the administrative judge joined the two appeals for adjudication.[3] 0772 I-2 AF, Tab 3.

¶4    After joining the appeals and developing the record, the administrative judge held a 3-day hearing. 0772 I-3, Tabs 19-21. He then issued an initial decision. 0772 I-3 AF, Tab 27, Initial Decision (ID).[4] The following facts, as further detailed in that initial decision, appear to be undisputed.

¶5    At all times relevant to this appeal, the appellant was both an employee of the agency and a member of the Air Force Reserve. ID at 2. She began her uniformed service in July 2006, and the agency hired her as a call center nurse in March 2009. *Id*. Throughout her tenure with the agency, she has been deployed or otherwise responsible for performing military duty on a number of occasions, including two instances of service lasting more than 90 days. ID at 3 & n.2. Generally speaking, it is the agency's treatment upon her return from uniformed service that is the subject of this appeal. In more than a dozen particularized allegations, the appellant alleged, for example, that the agency erred by

---

[3] Following the administrative judge's joinder of the appellant's two appeals, all subsequent filings were included in the records for each appeal. *Compare, e.g.*, 0772 I-2 AF, Tabs 7-12 (appellant's prehearing submissions), *with* 0328 IAF, Tabs 11-16 (the same prehearing submissions). For the sake of simplicity and clarity, we will exclusively cite to the file associated with the appellant's original 0772 appeal.

[4] When the administrative judge first issued the initial decision, it contained some formatting errors and errors pertaining to notices to the parties. Therefore, the administrative judge issued an erratum order, followed by a corrected initial decision. *Compare* 0772 I-3 AF, Tab 24, *with* 0772 I-3 AF, Tab 26; ID. We will exclusively cite to the corrected initial decision.

eliminating a position during one of her deployments, erroneously assigned her to another position, improperly downgraded her performance appraisals, and discriminated against her by not selecting her for several positions. 0772 I-2 AF, Tab 32 at 5-6.

¶6      The administrative judge granted in part and denied in part the appellant's request for corrective action.[5]  ID.  He found that the agency violated the USERRA discrimination provisions when it (1) failed to select the appellant for the Lead Home Telehealth Coordinator position in November 2015; (2) downgraded her performance reviews in 2015 and 2016; and (3) ceased a pattern of cash awards starting in 2014.  ID at 28-33, 41-42.  However, he found that the appellant failed to prove her remaining allegations of USERRA violations.  ID at 9-28, 34-41.  Those allegations involved the appellant's February 2012 reinstatement and assignment to a case manager position, ID at 9-18, the agency's classification of assignments as details rather than permanent changes of assigned positions, ID at 18-19, the agency's elimination of a call center supervisor position and a corresponding reassignment, ID at 19-20, a number of other vacancies and nonselections, ID at 21-28, 36-37, advancement to the next nursing level, ID at 34-36, promotion in accordance with "escalator" principles, ID at 37-38, "model employer" requirements, and an alleged hostile work environment, ID at 38-41.

¶7      The appellant has filed a petition for review, which generally consists of arguments concerning her discrimination claims and the appropriate remedy. *Giugliano v. Department of Veterans Affairs*, MSPB Docket No. PH-0353-14-0772-I-3, Petition for Review (0772 PFR) File, Tab 1.  The agency has filed a response.  0772 PFR File, Tab 3.

---

[5] The administrative judge did not order the agency to provide interim relief.  ID.

¶8   As the administrative judge recognized and explained in detail, two types of cases arise under USERRA:  (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005); ID at 6-8.  On the merits, reemployment cases and discrimination cases differ in two important ways.   First, an individual's rights under the reemployment provisions of USERRA do not depend on the motivation for an agency's action (or inaction), whereas an essential element of a discrimination claim is that the contested agency decision was based on an improper motivation.  *Clavin*, 99 M.S.P.R. 619, ¶ 6.  Second, in a reemployment case, the agency bears the burden of proving that it met its statutory obligations.  *Id*.  By contrast, in a discrimination case, the appellant bears the burden of proof on the merits, and if that burden is met the agency may avoid relief by showing that it would have taken the same action even in the absence of the improper motivation.  *Id*.

¶9   The claims that the appellant raised below implicated both the reemployment and the discrimination provisions of USERRA.  0772 I-2 AF, Tab 32 at 5-6.  However, the only claims for which the administrative judge found that the appellant prevailed fell under the latter and its prohibitions against retaliation for engaging in protected USERRA activity.  ID at 28-33; *see generally Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1381 & n.3 (Fed. Cir. 2017) (explaining that the anti-reprisal provision of USERRA "is limited to barring acts of discrimination in employment and adverse employment actions," making it more narrow in scope than the anti-reprisal provisions of Title VII of the Civil Rights Act of 1964).

¶10   Having carefully considered the appellant's petition for review, we do not construe it as pertaining to any of her USERRA reemployment claims.  The

petition refers to "escalator principles," *see Rassenfoss v. Department of Treasury*, 121 M.S.P.R. 512, ¶ 12 n.4 (2014) (explaining that the "escalator principle" is the concept that an employee who has been absent due to military service or a work-related injury is entitled to be restored to the position that he or she would have attained but for the absence), but it does so in the context of arguments concerning alleged uniformed service discrimination. 0772 PFR File, Tab 1 at 5, 8. Because the appellant has not specifically contested any of the administrative judge's findings on her reemployment claims, we decline to revisit those issues on review. 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

¶11    The appellant contests the administrative judge's findings on her USERRA discrimination claims, but her arguments are not supported by any references to the law or to the record. 0772 PFR File Tab 1 at 4-8; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (holding that a petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); 5 C.F.R. § 1201.114(b) (providing that a petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record). For example, the appellant states that "[o]nce the appellant's supervisors became dissatisfied with her being gone for military service, discrimination began with consideration for promotions, positions, and awards and the intervening years were surely influenced by that discrimination," and "[f]rom the evidence submitted at trial, it was obvious that prior to her complaints the appellant was on her way to future promotions," were it not for discrimination. 0772 PFR File, Tab 1 at 5-6. However, she has not identified any evidence to support these claims.

¶12    The appellant cites some portions of the initial decision that concern her discrimination claims. However, she has not persuasively identified any error on

the part of the administrative judge. For example, the appellant notes that, in discussing two separate promotion opportunities, the administrative judge directly compared the appellant's qualifications with those of the individual selected for one, but not the other. *Id*. at 6 (referencing ID at 14-15, 21-22). For that latter promotion opportunity, however, the administrative judge did provide a reasoned analysis. ID at 22. He found that the selecting official credibly testified about why she chose someone other than the appellant and how that decision had nothing to do with the appellant's uniformed service. *Id*. The appellant has not provided any basis for us to reach a contrary conclusion. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (recognizing that an administrative judge's credibility determinations are entitled to deference when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and the Board can overturn such determinations only when it has "sufficiently sound" reasons for doing so). The appellant also suggests that the administrative judge failed to consider her qualifications. 0772 PFR File, Tab 1 at 6. However, the Board has long held that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also argues generally that "some factual issues raised at trial [did not] appear[] in the decision," 0772 PFR File, Tab 1 at 4, but for the same reason, we find this argument unpersuasive. Accordingly, we affirm the administrative judge's findings regarding the appellant's discrimination claims.

¶13 The appellant has separately noted that there was a substantial delay between the time of her hearing and the issuance of the initial decision in this appeal. *Id*. at 5. She seems to suggest that the agency has subjected her to additional but otherwise unidentified discrimination during this period that the Board should consider and address. *Id*. However, the administrative judge

properly limited this appeal and his decision to the specific claims raised below. 0772 I-2 AF, Tab 32 at 5-6, Tab 33 at 1-2. If the appellant believes she has been subjected to additional USERRA violations, beyond those that she alleged below, she may file a new Board appeal. *See Michaels v. Department of Defense*, 112 M.S.P.R. 676, ¶ 9 (2009) (dismissing a USERRA appeal against an appellant's employing agency and indicating that he could file a new one against a former employing agency, where he was employed by the latter at the time of the alleged USERRA violation); 5 C.F.R. §§ 1201.22(b)(2) (providing no time limit for filing a USERRA appeal), 1208.12 (recognizing the same but encouraging appellants to file a USERRA claim as soon as possible).

¶14 We must now turn to the remedy for the agency's USERRA violations. The administrative judge ordered the agency to (1) revise her 2015 and 2016 performance appraisals to "High Satisfactory;" (2) calculate the average cash award the appellant received between 2011 and 2013, and pay the appellant that amount for each year that followed, up through the date of the hearing; and (3) promote the appellant to the Lead Home Telehealth Coordinator, or its equivalent, retroactive to November 2015, affording the appellant all incidents and advantages of the position. ID at 42-43. The agency does not challenge these orders on review.

¶15 On review, the appellant argues that the administrative judge should have also considered other possible remedies, "such as agency assistance in finding the appellant a supervisory position at another location in the area." 0772 PFR File, Tab 1 at 4. She separately suggests that the agency should be subject to punitive damages. *Id*. Finally, the appellant asserts that the administrative judge's instruction to change her personnel records "does not fully rectify the harm done to the appellant's career." *Id*. at 5-6. Although we are not persuaded by the appellant's arguments, we must vacate the administrative judge's discussion of the appropriate remedy because it is premised on the wrong statutory authority.

¶16     In reaching his conclusion about the appropriate remedy, the administrative judge mistakenly relied upon 38 U.S.C. § 4323(d).  ID at 42.  That section applies to USERRA actions against a State or private employer.  *See Silva v. Department of Homeland Security*, 112 M.S.P.R. 362, ¶ 10 (2009).  By contrast, the Board's remedial authority under USERRA comes from 38 U.S.C. § 4324(c)(2).  *Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 11 (2014).  In pertinent part, these two provisions differ in that the former provides for discretion in awarding relief and the consideration of willfulness in a damages award, while the latter states that relief is mandatory and does not contemplate willfulness.  *Compare* 38 U.S.C. § 4323(d)(1)(A)-(C) (providing that a court "may award relief" in that it "may require" the State or private employer to comply with the provisions of this chapter, to compensate the person for any loss of wages or benefits, and to pay additional liquidated damages if a violation was "willful"), *with* 38 U.S.C. § 4324(c)(2) (requiring that the Board "shall" order relief if a Federal executive agency or the Office of Personnel Management violates USERRA).  If the Board finds an agency violated the employment or reemployment provisions of USERRA, section 4324(c)(2) mandates that, under the circumstances, we enter an order requiring the agency to (1) comply with section 4311, and (2) compensate the appellant "for any loss of wages or benefits suffered . . . by reason of such lack of compliance."  *Erickson v. U.S. Postal Service*, 120 M.S.P.R. 468, ¶ 13 (2013) (quoting 38 U.S.C. § 4324(c)(2)).

¶17     Once more, the administrative judge found that the agency violated USERRA when it (1) failed to select the appellant for the Lead Home Telehealth Coordinator position; (2) downgraded her performance reviews in 2015 and 2016; and (3) ceased a pattern of cash awards, starting in 2014.  ID at 41-21.  As previously stated, the agency has not disputed these violations on review.  Pursuant to 38 U.S.C. § 4324(c)(2), we must therefore order the agency to comply with the provisions of USERRA and compensate the appellant for lost wages and benefits suffered by reason of the agency's lack of compliance.  That includes

placing the appellant in the Lead Home Telehealth Coordinator position, or its equivalent, retroactive to November 2015, revising her 2015 and 2016 performance reviews to reflect "High Satisfactory" performance, and compensating the appellant for lost wages and benefits, including cash awards.

¶18 Applying the proper standards regarding our remedial authority, we find that the appellant is not entitled to the additional remedies that she is requesting. The Board cannot order the agency to help the appellant find an altogether new position in a new location. Nor can we award her punitive damages. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶ 47 n.14 (2007) (explaining that while the Veterans Employment Opportunities Act of 1998 provides for liquidated damages if an agency's violation was willful, the Board can only order an agency to pay lost wages and benefits for a USERRA violation), *aff'd on recons.*, 109 M.S.P.R. 453 (2008); *cf.* 38 U.S.C. § 4323(d)(1)(A)-(C) (providing the remedies for a State or private employer's USERRA violation, including liquidated damages if the violation was "willful"). Finally, we cannot speculate about intangible harm to the appellant's career. *See Johnson*, 121 M.S.P.R. 101, ¶ 11 (recognizing that the Board's remedial authority under USERRA does not extend to speculative matters, so an appellant's speculation about lost upward mobility stemming from the loss of training opportunities was inconsequential).

## ORDER

¶19 We ORDER the agency to comply with the provisions of USERRA and compensate the appellant for lost wages and benefits suffered by reason of the agency's lack of compliance, as detailed above. *See* 38 U.S.C. § 4324(c)(2); *Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶20 We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.

If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶21 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶22 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶23 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees, expert witness fees, and other litigation expenses. To be paid, you must meet the requirements set forth at title 38 of the United States Code (38 U.S.C.), section 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201,

1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.   Employee name and social security number.
    b.   Detailed explanation of request.
    c.   Valid agency accounting.
    d.   Authorized signature (Table 63).
    e.   If interest is to be included.
    f.   Check mailing address.
    g.   Indicate if case is prior to conversion.  Computations must be attached.
    h.   Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.   Must provide same data as in 2, a-g above.
    b.   Prior to conversion computation must be provided.
    c.   Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.