NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RIGOBERTO M. VINDIOLA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2025-1238

_____

Petition for review of the Merit Systems Protection Board in No. SF-4324-19-0537-I-1.

_____

Decided: September 3, 2025

_____

RIGOBERTO M. VINDIOLA, San Diego, CA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before LOURIE, TARANTO, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Rigoberto M. Vindiola petitions for review of the final order of the Merit Systems Protection Board ("the Board") denying his petition for review and affirming the dismissal of his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–35 ("USERRA") for lack of jurisdiction. *Vindiola v. Dep't of State*, No. SF-4324-19-0537-I-1, 2024 WL 4579503 (M.S.P.B. Oct. 24, 2024) ("*Final Order*"); *see also Vindiola v. Dep't of State*, No. SF-4324-19-0537-I-1, 2019 WL 3889346 (M.S.P.B. Aug 13, 2019) ("*Initial Decision*"), R.A. 13–31.[1]  For the following reasons, we *affirm*.

## BACKGROUND

Vindiola is a preference-eligible veteran.  He served on active duty with the United States Army in Vietnam from September 26, 1967, to April 30, 1969, when he was honorably discharged. *Initial Decision*, R.A. 14.  He is entitled to and receives compensation for a service-connected disability from the Department of Veterans Affairs.  *Id.*

At all relevant times, Vindiola was employed, under a temporary appointment, by the Department of State ("the agency") as a Visa Specialist in Mexico. *Initial Decision*, R.A. 14.  On March 28, 2003, the agency informed Vindiola that it was considering terminating his candidacy for a permanent position as a Visa Specialist on suitability grounds. *Id.*; R.A. 99.  That preliminary determination was based on the agency's suspicion that Vindiola had sold green cards and visas, as well as on allegations that Vindiola made "slanderous statements about other employees," made "statements about his alleged battlefield service in Vietnam that were disruptive to the work[]place because of the alleged criminal nature of his actions," and "asked

---

[1]    "R.A." refers to the appendix filed with Respondent's brief.

another employee to obtain cocaine [and] marijuana for him." R.A. 100.  The letter also indicated that Vindiola had "committed at least 3 administrative visa violations by issuing to individuals that were not eligible." *Id.*  In April 2003, Vindiola resigned from his position. *Initial Decision*, R.A. 14; *see also* R.A. 38, 44, 55.  And on May 30, 2003, after receiving Vindiola's response to the March letter, the agency informed him that it was terminating his candidacy for the Visa Specialist position on suitability grounds. *See* R.A. 101.

In January 2019, Vindiola filed a complaint at the Department of Labor, generally alleging that he had been unjustly terminated on suitability grounds based on accusations that he had committed war crimes in Vietnam, in violation of USERRA.[2]  *See* R.A. 102–04.  On May 24, 2019, the Department of Labor informed Vindiola that it had investigated his claim and found no USERRA violation.    R.A. 71.   Vindiola   appealed   to   the   Board. R.A. 91–104.

On July 8, 2019, the administrative judge ("AJ") issued an order informing Vindiola of his burden to establish jurisdiction over his claim by nonfrivolously alleging that he performed duty in a uniformed service, that he lost a benefit of employment or any of the rights protected by USERRA, and that his performance of duty in the uniformed service was a substantial or motivating factor in the loss of the right or benefit.  R.A. 80–81 (citing 38 U.S.C. § 4311(a)).  In his response, Vindiola alleged that he met the first requirement by virtue of his service in the U.S. Army, and that he met the second requirement by virtue of

---

[2]    In each of 2003 and 2017, Vindiola filed an appeal of his termination at the Board, both of which were dismissed for lack of jurisdiction. *See Initial Decision*, R.A. 15. Each of those dismissals became final after Vindiola did not file a petition for review. *Id.*

his lost benefit of employment when he was forced to resign after the agency's suitability determination. R.A. 55. With respect to the third requirement, he alleged that "the performance of his duty in the uniformed service was [] certainly a substantial or motivating factor in the loss of his employment given that [his coworker] alleged that [Vindiola] had committed war crimes while serving in Vietnam." R.A. 56. Thus, he alleged that all three jurisdictional requirements had been met. *Id.*

On August 13, 2019, the AJ issued an initial decision dismissing Vindiola's appeal for lack of jurisdiction. The AJ found that, although Vindiola had nonfrivolously alleged the first two requirements of jurisdiction, "he failed to meet his burden as to the remaining element of USERRA jurisdiction, i.e., he did not proffer nonfrivolous allegations [that] the denials [of employment] were due to his uniformed service." *Initial Decision*, R.A. 19–20. Vindiola filed a petition for review by the Board, and on October 24, 2024, the Board issued a final order denying the petition and affirming the initial decision. *Final Order*, R.A. 1–8; *but see Final Order*, R.A. 9–10 (Harris, C., dissenting) (stating that she would have found jurisdiction based on the factual nature of Vindiola's allegations). Vindiola timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may only set aside the Board's decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*, *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995), and we review the Board's underlying factual findings for substantial evidence, *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

As part of USERRA, § 4311(a) provides that a member of a uniformed service "shall not be denied . . . retention in employment, promotion, or any benefit of employment . . . on the basis of that membership [or] performance of service . . . ." The sole question on appeal is whether Vindiola, a preference-eligible veteran who was denied retention after the agency forced him to resign or found him unsuitable for employment, *see Initial Decision*, R.A. 19–20, made a "nonfrivolous allegation that his military service was a substantial or motivating factor in the agency's action in question." *See Kitlinski v. Merit Sys. Prot. Bd.*, 857 F.3d 1374, 1381 (Fed. Cir. 2017) (citations and internal quotation marks omitted); *see also* 5 C.F.R. § 1201.57(b). An allegation is nonfrivolous when it: "[i]s more than conclusory; . . . [i]s plausible on its face; and . . . [i]s material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

On appeal, Vindiola argues that a second investigation into his alleged misconduct by the Department of State's Diplomatic Security Service found that the "allegations of visa fraud and consular malfeasance" were unsubstantiated, and that the Board failed to take that second investigation into account. Pet. Br. 2–3. That argument does not address the question of the Board's jurisdiction under USERRA, and specifically whether the Board properly found that he failed to "proffer nonfrivolous allegations [that] the denials [of employment] were due to his uniformed service." *See Initial Decision*, R.A. 19–20. In reply, Vindiola appears to argue that the accusation that he made disruptive statements in the office recounting the commission of war crimes during his service in Vietnam was made by an unreliable witness, and therefore the Board's decision should be set aside as unsupported by substantial evidence. *See* Pet. Reply Br. 1–2.

Even if Vindiola's assertion is true, that his former co-worker was unreliable and the allegation of comments regarding his service were unsubstantiated, it is not plausible that his performance of duty in uniformed service itself was a substantial or motivating factor in his termination. Rather, per his evaluation, it was that his comments were "disruptive" because of their "criminal nature." R.A. 100. Further, the evaluation considered a variety of other alleged malfeasances that resulted in his separation. *See id.* (commenting that he was "suspected in the selling of Immigration [and] Naturalization Green Cards [and] laser visas," allegedly "made slanderous statements about other employees, allegedly "asked another employee to obtain cocaine [and] marijuana for him," and had six interviewed employees recommend that he not continue in his position).

Vindiola failed to make any allegations of fact that tied his denial of employment to his uniformed service. The mere fact that his pleading and termination letter mention his service creates at most a conclusory allegation and does not rise to the level of plausibility given the context of Vindiola's separation. *See Iqbal*, 556 U.S. at 679. We therefore conclude that the Board did not err in determining that Vindiola had not alleged a USERRA claim sufficient to confer jurisdiction on the Board.

## CONCLUSION

We have considered Vindiola's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal of his USERRA claim for lack of jurisdiction.

## **AFFIRMED**

## COSTS

The parties shall bear their own costs.